IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 APR 25 PM 1:22

| | | |
|---|---|---|
| In re:   BRUCE ROSE,<br>            Debtor | ) | Bankruptcy No. 01-82746-JAC-7<br>AP No. 01-80095 |
| RHONDA ROSE,<br>      Appellant,<br>v.<br>BRUCE M. ROSE,<br>      Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 02-G-0301-NE |

ENTERED
APR 25 2002

MEMORANDUM OPINION

On October 20, 1997, divorce was granted Appellee Bruce M. Rose [hereinafter Rose] and Appellant Rhonda Rose [hereinafter Ms. Rose] after a marriage of nineteen years. Pursuant to the terms of the divorce Rose was ordered to pay two monthly mortgage payments on the marital residence ($442.00 to Midland Mortgage and $202.00 to American General) and to deed over his interest in the residence. Appellee Rose was to continue such payments until the mortgages were paid or until such time as Appellant Rhonda Rose remarried and

5

continued to reside in the residence. Within six months of her remarriage she was to take over the mortgage payments.[1] Ms. Rose continued to live in the residence and did not remarry.

Appellee Rose filed for Chapter 7 Bankruptcy on June 19, 2001, and ceased making the mortgage payments. Thereafter Appellant Rhonda Rose filed an adversary proceeding requesting that the court determine that the two payments Rose made pursuant to the divorce decree be declared nondischargeable support payments under 11 U.S.C. § 523 (a) (5).

The record indicates Appellee Rose has a twelfth grade education and Appellant Rhonda Rose a ninth grade one. Prior to the present proceeding Ms. Rose had been employed at Southern Foods for two years grossing Three Hundred Twenty-nine Dollars and Eighty-three Cents ($328.83) weekly and netting Two Hundred Eighty-five Dollars and Forty-five Cents ($285.45) for the same time period. The above-stated income was the highest she had ever had. Her monthly living expenses totaled $983.00.

---

[1] A debt is in the nature of support or alimony, for purposes of the Bankruptcy Code provision prohibiting the discharge of debts for alimony, maintenance, or support, if at the time of its creation the parties intended the obligation to function as support or alimony. 11 U.S.C.A. § 523(a)(5); *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001). In bankruptcy situation the party seeking to hold debt nondischargeable has burden of proving by preponderance of evidence that the parties intended the obligation as support. *Id.*

As of September 29, 2001, Rose's income was Thirty-eight Thousand One Hundred Thirty-eight Dollars and Fifty-two Cents ($38,138.52). Income for the previous year totaled Fifty-two Thousand Seventy-seven Dollars ($52,077.00). At the time of trial his bi-weekly net income was One Thousand Three Hundred Thirty-seven Dollars. His present wife's income was One Thousand Five Hundred Eight Dollars ($1,508.00).[2] Their total monthly household income was approximately Four Thousand One Hundred Dollars ($4,100.00).

Schedule J of Rose's bankruptcy petition (which included the two mortgage payments ordered to pay in the divorce decree, as well as his present mortgage, transportation, medical and dental expenses, child care and other expenses) showed monthly expenses totaling Three Thousand Three Hundred Seventy-seven Dollars and Ninety-eight Cents ($3,377.98). Testimony proved the total amount of expenses was inflated by Two Hundred Thirty-five ($235.00) per month.[3] Rose had Eight Hundred Dollars in excess of monthly expenses. With the additional $235.00 his monthly spendable income exceeded $1000.00.

---

[2] A debtor's expenses and income include those of his new spouse. *Matter of Gamble*, 143 F.3d 223, 226 (5th Cir. 1998).

[3] Rose had subtracted health insurance from his income and added it to his expenses.

3

As noted earlier in *Cummings* at 1265, a debt is in the nature of support or alimony, if, at the time of its creation, it was so intended. *See also In re Sampson*, 997 F.2d 717 (10th Cir. 1993) (Whether the obligation is nondischargeable under § 523(a)(5) "is a dual inquiry into both the parties's intent and the substance of the obligation."). This debt remains enforceable beyond bankruptcy proceedings. *In re Harrell*, 754 F.2d 902, 905 n.5 (11th Cir. 1985).

Whether a given debt is in the nature of support is an issue of federal law. *In re Strickland*, 90 F.3d 444 (11th Cir. 1996) (The issue of whether attorney's fees awarded in divorce constitute "support" within the meaning of § 523(a)(5) is a matter of federal law.). The *Strickland* court, at 446, (quoting *Harrell*, 754 F.2d at 904-05) described the appropriate § 523 inquiry as follows:

> The language used by Congress in § 523(a)(5) requires bankruptcy courts to determine nothing more than whether the support label accurately reflects that the obligation at issue is "actually in the nature of alimony, maintenance, or support." The statutory language suggests a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the *nature* of support.

The court consequently held that an attorney fees award arising from a post-dissolution custody action constitutes "support" for the spouse under 11 U.S.C. § 523(a)(5).

Several factors in the case at bar, listed below, indicate that payment

4

of the two mortgage payments was in the "nature of" support:

1) The parties had been married nineteen years.

2) Ms. Rose has a ninth grade education.

3) Rose has a high school education.

4) Throughout the marriage Rose had been the primary breadwinner.

5) The terms of the divorce decree dictated that the monthly installments would terminate six months after Ms. Rose remarried.

6) By the terms of the decree the payments were modifiable depending on Ms. Rose's living situation.

The above-listed facts indicate that it was the intent of the parties that payment of the mortgages was in the form of assistance for Ms. Rose as long as she remained unmarried. Upon her marriage Rose's obligation to her ceased. The court, therefore, holds that Rose's obligation to Ms. Rose concerning payment of the two mortgages was support and **not** a property settlement. The bankruptcy court erred in holding that payment of the mortgages was a property settlement.

Having decided that Rose's obligation was a support obligation to Ms. Rose and not a property settlement, the court moves to the question of whether said obligation was dischargeable under Subsection 15(a) and (b).[4] A majority of the bankruptcy courts have concluded that Section 15 sets up a shifting burden of proof: the non-debtor spouse has the initial burden of proof that the debt falls within Section 523(a)(15). Ms. Rose has done that. Having carried her burden, the burden shifts to the debtor/ex-husband Rose to prove that he falls within the exception to nondischargeability, i.e. ability to pay and detriment to the parties. *Matter of Gamble,* 143 F.3d 223, 226 (5th Cir. 1998); *In re Cameron,* 243 B.R. 117, 121 (M.D.Ala. 1999); *In re Stone,* 199 B.R. 753, 760-62 (Bankr.N.D.Ala. 1996) (a collection, summarization, and analyzation of 28 cases applying the rule).

Since the first part of Rose's burden deals with his ability to pay, the court applies the disposable income test of Chapter 12 to determine whether the debtor had the ability to pay the debts. The debtor's expenses and income of his new spouse are included in this determination. *Cameron,* at 122. In evaluating

---

[4] Essentially, subsection (15) of § 523(a) states that an individual debtor is not discharged from any material debt that is in the nature of alimony, maintenance, or support unless either the debtor does not have the ability to pay the debt or the benefit to the debtor in discharging the debt outweighs the detrimental consequence to the debtor's former spouse or child.

6

ability to pay emphasis is placed on whether the debtor's budgeted expenses are reasonably necessary. *Id.* Assuming budgeted expenses are reasonably necessary, the expenses are subtracted from income to see if any money is left. *In re Metzger*, 232 B.R. 658, 663-64 (Bankr.E.D.Va. 1999). Ability to pay obligations is set as of trial date. *See In re Konick*, 236 B.R. 524, 528-29 (1st Cir. 1999). *Cameron*, at 125. Cameron states that § 523(a)(15)(A) implies that the date of trial is the proper point at which to measure a debtor's ability to pay.

Using the figures Rose supplied the court, when the disposable income test is applied he has a little over a $1000.00 left over each month after he pays all of his expenses. He is financially able to pay the two mortgages from his income. Any benefit to him from not having to pay the mortgages is far outweighed by the detriment to Ms. Rose whose current net income totals $1236.95. With her income she is unable to pay the two monthly mortgages totaling $670.00. Without Appellee Rose's paying the mortgages Appellant Rhonda Rose will be homeless. With her education and income she is unable to pay the mortgages.

The obligation set forth in the divorce decree was "in the nature of" support. It is not dischargeable. The bankruptcy court erred in holding that the obligation was dischargeable.

For the reasons set forth above the decision of the bankruptcy court is REVERSED. Appellee Rose is ORDERED to bring the arrearage on the two mortgages current and to continue their payment pursuant to the divorce decree.

DONE and ORDERED this 25th day of April 2002.

                                                UNITED STATES DISTRICT JUDGE
                                                    J. FOY GUIN, JR.